UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARD T. ANDERSON BEY,

                Plaintiff,

-against-

ACS; NYCHA; DCSE; HRA
(REFERENCED AS NEW YORK STATE
AND THE CITY OF NEW YORK);

                Defendants.

20-CV-729 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff Bernard Tyshawn Anderson Bey, appearing *pro se*, brings this action alleging violations of the Fair Housing Act and his right to equal protection and due process. By order dated February 5, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the complaint is dismissed.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff, a Brooklyn resident, filed this complaint against the New York City Administration for Children's Services (ACS); the New York City Human Resources Administration (HRA), "referenced as New York State and the City of New York;" the New York City Housing Authority (NYCHA); and the New York State Office of Child Support Enforcement (OCSE). He alleges violations of the Fair Housing Act and his right to due process and equal protection under the Fourteenth Amendment.

Plaintiff's claims arise from King County Family Court proceedings involving Plaintiff, his minor daughter, J., and J.'s mother, Brittany. According to Plaintiff, employees of St. Vincent Services, a foster care agency, and the Kings County Family Court, "in bad faith have subjected [him] to disparate treatment for raising safety concerns" about Brittany's mental health and troubling behavior. At a "final discharge hearing," Plaintiff, in order to "be cooperat[ive]," "withdrew" his "safety concerns" about J.'s spending unsupervised time with Brittany.

Attached to the complaint is a November 12, 2019 Kings County Family Court order discharging J. from foster care into Plaintiff's custody and granting visitation to Brittany. According to Plaintiff, Brittany has been violating the court order by not returning J. to him after her visits. Also attached to the complaint are emails between Plaintiff and Brittany that Plaintiff claims show her failure to comply with the court order. Plaintiff alleges that he "raised issues of parental interference/kidnaping with ACS and the family court requesting that I be allowed to" supervise the visits, instead the court "forced us to a police station," against Plaintiff's wishes. In a subsequently filed letter to this Court, Plaintiff asks this Court to "advocate" on his behalf for supervised visitation between Brittany and J. ECF 1:20-CV-729, 6.)

Plaintiff further asserts that HRA subjected him to disparate treatment, and violated the Fair Housing Act (FHA), by denying his request "to transfer [J.'s] daycare" and "refus[ing] to provide [him] with a copy of the lease." Finally, Plaintiff asserts that the Albany County Family Court unlawfully denied his motion to reduce his child support obligation to $25 and to cap his arrears at $500.

## DISCUSSION

A.  **Section 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

   1.  ACS, HRA, and the City of New York

Plaintiff's claims against ACS and HRA must be dismissed because agencies of the City of New York are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the

3

name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff asserts no facts suggesting that his claims relate to a municipal policy, custom, or practice. Accordingly, he fails to state a municipal liability claim against the City of New York.

2. New York State and the Office of Child Support Enforcement

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not

waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's § 1983 damages claims against the State of New York and OCSE are barred by the Eleventh Amendment and are dismissed.

**B.     The domestic relations abstention doctrine**

The Court construes Plaintiff's complaint as asking this Court to nullify family court determinations regarding visitation, custody, child support. But this Court cannot consider those claims because of the domestic relations abstention doctrine.

In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal-question jurisdiction over claims involving domestic-relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990) (holding that federal district court should abstain from exercising its federal-question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child . . . .") (internal quotation marks and citation omitted).

Two years after the Second Circuit issued its decision in *American Airlines*, the Supreme Court of the United States held, in *Ankenbrandt v. Richards*, that a previously recognized exception to the federal district courts' subject-matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in actions brought under a federal district court's diversity jurisdiction. 504 U.S. 689, 703 (1992).

On October 30, 2019, the Second Circuit, in *Deem v. DiMella-Deem*, held that regardless of the Supreme Court's holding in *Ankenbrandt*, its own previous holding in *American Airlines* remains good law. 941 F.3d 618, 621 (2d Cir. 2019), *pet. for cert. filed*, No. 19-1111 (Mar. 6,

5

2020). Thus, "[a]lthough the domestic relations '*exception*' to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrandt* . . . does not apply in federal-question cases, the domestic relations *abstention* doctrine articulated in *American Airlines* does." *Id.* (emphasis in original). Federal district courts must therefore *abstain* from exercising their federal-question jurisdiction over claims involving domestic-relations issues and dismiss those types of claims for *lack of jurisdiction* when they are asserted under diversity jurisdiction. *See id.* at 621-24.

Plaintiff asserts claims under the Court's federal-question jurisdiction and asks this Court to vacate or overturn family court orders regarding custody, visitation, and child support. But unless Plaintiff can show that there is an obstacle that prevents him from receiving a full and fair determination of the issues in the state courts, this Court must abstain from exercising its federal-question jurisdiction over his claims arising from family court's orders and their enforcement. *See Deem*, 941 F.3d at 621-25 (affirming *sua sponte* dismissal under domestic relations abstention doctrine); *see also Simmons v. NYS Dep't of Soc. Servs*. No. 19-CV-3633, 2019 WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5, 2019) (quoting *Deem*, 941 F.3d at 621, and holding that "calculation of support payments is the type of domestic relations issue that the Court generally abstains from hearing").[1]

---

[1] Another obstacle that Plaintiff faces is that federal district courts lack authority to review state court orders. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (noting that "28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments."); *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) (district courts are not authorized "to exercise appellate jurisdiction over state-court judgments"). "[I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F. 3d 77, 85 (2d Cir. 2005). Federal review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by the state court judgment"; (3) "the plaintiff must invite district court review and judgment of the state court judgment"; and (4) "the state court judgment must have been rendered before the district court proceedings commenced." *Id*. at 83-92 (relying on *Exxon Mobil*

## C. Fair Housing Act

The FHA "broadly prohibits discrimination in housing . . . ." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin" or disability. 42 U.S.C.§ 3604(b), (f). The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See id.* § 3617 (unlawful " to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title" ).

Plaintiff alleges that NYCHA denied his request to transfer his daughter's daycare and failed to provide him with a copy of his lease. These allegations do not give rise to an inference that Defendants discriminated against Plaintiff on the basis of any impermissible factor under the FHA. Accordingly, he fails to state an FHA claim.

## D. Prior Litigation

This is not the first case the Plaintiff has filed regarding ACS and family court proceedings. In *Bey v. City of New York*, ECF 1:17-CV-5494, 10 (*Bey I*) the Court directed Plaintiff to file an amended complaint because his original pleading did not comply with federal pleading rules. The complaint in *Bey I* contained many of the same deficiencies plaguing this complaint, including naming ACS and HRA, and failing to allege facts supporting a municipal

---

*Corp.*, 544 U.S. at 284). To the extent these elements are met, this Court lacks jurisdiction to review and overturn state court decisions, including the types of orders Plaintiff is inviting this Court to review.

liability claim, or claims that his equal protection and due process rights were violated. Plaintiff failed to file an amended complaint, and the Court dismissed *Bey I* for failure to state a claim. *See Id.,* (S.D.N.Y. Jan. 9, 2018), 18-5900-cv (2d Cir. Aug. 13, 2018) (dismissing appeal as lacking an arguable basis in law or in fact).

The Court also directed Plaintiff to file an amended complaint in *Bey v. ACS*, ECF 1:19-CV-3859, 4 (*Bey II*), because the original pleading did not allege facts showing how the individual defendants were personally involved in violating his constitutional rights. Plaintiff filed an amended complaint alleging that the ACS Defendants were thwarting his efforts to gain custody of his children because he is an African-American male, and that DHS and NYCHA employees "deliberately prolonged" his application for permanent housing. On September 27, 2019, Judge Nathan dismissed the matter under a stipulated settlement. A hearing transcript on the docket shows that Plaintiff had been given an apartment, and that he was withdrawing all "claims against all parties." (Doc. 27 at 3.)

In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware that his complaint named improper defendants and failed to state equal protection or due process claims under § 1983, or violations of the FHA when he filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements)."

Plaintiff is warned that further nonmeritorious litigation in this Court may result in an order barring him from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

E. **Rule 5.2(a)(3) of the Federal Rules of Civil Procedure**

The Court has previously instructed Plaintiff that Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any references to a minor child in court submissions must be made

by referring to the minor's initials. *See Bey I*, ECF 1:17-CV-5494, 10; *Bey II*, ECF 1:19-CV-3859, 4. Yet Plaintiff again refers to his daughter in this complaint by her full name. As was done in *Bey I and Bey II,* the Court has directed the Clerk of Court to limit access to the complaint on the Court's CM/ECF database to a "court-view only" basis.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The complaint is dismissed for failure to state a claim on which relief may be granted, and on immunity grounds. *See* 28 U.SC. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

This order will be mailed in chambers.

SO ORDERED.

Dated: April 6, 2020
       New York, New York

                                                                    Louis L. Stanton
                                                                       U.S.D.J.